**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ELIZABETH GARCIA  as Mother and natural
guardian of JONATHAN GARCIA, a minor; and
ALICIA PEREZ as Mother and natural guardian
of GIORGIO PEREZ, a minor,

          Plaintiffs,

            v.

UNKNOWN DETECTIVE #1,
      City of Waukegan Police Detective, In his
      Individual and Official Capacity;

UNKNOWN DETECTIVE #2,
      City of Waukegan Police Detective, In his
      Individual and Official Capacity; and

CITY OF WAUKEGAN,
      An Illinois Municipal Corporation,

          Defendants.

No.

---

## COMPLAINT AT LAW

---

NOW COMES the Plaintiffs ELIZABETH GARCIA, as Mother and natural guardian of JONATHAN GARCIA (hereinafter "MR. GARCIA"), a minor, and ALICIA PEREZ, as Mother and natural guardian of GIORGIO PEREZ (hereinafter "MR. PEREZ" and collectively as "PLAINTIFFS"), a minor, by and through their attorneys, O'CONNOR LAW FIRM, LTD., and alleges the following against Defendants UNKNOWN DETECTIVE #1, UNKNOWN DETECTIVE #2, and the CITY OF WAUKEGAN (hereinafter "DEFENDANTS"), for the reasons set forth below:

# INTRODUCTION

1.      Members of the CITY OF WAUKEGAN police department wrongfully and willfully deprived the PLAINTIFFS of their right to be free from unreasonable searches and seizures. UNKNOWN DETECTIVE #1 and UNKNOWN DETECTIVE #2 used police procedures in the investigative process of a possible criminal damage to property/burglary that were illegal and unconstitutional. The procedures used by the DEFENDANTS in this case were qualitatively and quantitatively so intrusive that they triggered the full protection of the Fourth and Fourteenth Amendments.

2.      Without a warrant UNKNOWN DETECTIVE #1 and UNKNOWN DETECTIVE #2 obtrusively entered the PEREZ home, forcefully removed potential evidence without any warrant or probable cause, and then proceeded to remove PLAINTIFFS from the confines of MR. PEREZ'S home. At the police station, DEFENDANTS subjected PLAINTIFFS to unconscionable horrors. DEFENDANTS' actions were especially repugnant given the age of these two minors. The illegal arrest and investigative detention lasted for several hours. During that time, DEFENDANTS continually deprived PLAINTIFFS of their rights secured to them by the Fourth, Fifth, and Fourteenth Amendments.

# JURISDICTION

3.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. § 1331, § 1343, and § 1391(b); the Constitution of the United States; and this Court's supplementary jurisdiction powers pursuant to 28 U.S.C. § 1367.

4.      DEFENDANTS are residents of the State of Illinois. The acts complained of in this complaint occurred in the City of Waukegan, County of Lake, Illinois. Accordingly, venue is proper in the United States District Court for the Northern District of Illinois pursuant to  28 U.S.C. § 1391.

## PARTIES

5.      Plaintiff, JONATHAN GARCIA, is a minor and is a resident of the State of Illinois and of the United States.

6.      Plaintiff, GIORGIO PEREZ, is a minor and is a resident of the State of Illinois and of the United States.

7.      Defendant, UNKNOWN DETECTIVE #1 (hereinafter "DEFENDANT #1"), is a resident of the State of Illinois and of the United States.

8.      Defendant, UNKNOWN DETECTIVE #2 (hereinafter "DEFENDANT #2"), is a resident of the State of Illinois and of the United States.

9.      The CITY OF WAUKEGAN (hereinafter the "CITY"), is a duly incorporated municipal corporation and is the employer and principal of DEFENDANTS #1 and #2, referred to in this complaint.

10.     At all relevant times hereto, DEFENDANTS #1 and #2 (hereinafter "DEFENDANT OFFICERS") were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the COUNTY OF LAKE and the State of Illinois. At all relevant times DEFENDANT OFFICERS were acting under color of state law in their official and individual capacities.

# FACTUAL SUMMARY

11.     MR. PEREZ was born on September 12, 1999. As of November 25, 2013, MR. PEREZ was fourteen (14) years old.

12.     MR. GARCIA was born on May 20, 2000. As of November 25, 2013, MR. GARCIA was thirteen (13) years old.

13.     On or about November 25, 2013, MR. PEREZ and MR. GARCIA were picked- up from school by MR. PEREZ'S grandmother and taken to the PEREZ home located at 2735 Navajo Road, Waukegan, Illinois.

14.     On said date at approximately 4:00 PM, DEFENDANT OFFICERS came to the PEREZ home in response to a broken window investigation at some unknown address.

15.     DEFENDANT OFFICERS came to the door and without the consent of any adult DEFENDANT OFFICERS forcibly entered the PEREZ home without a warrant.

16.     Upon entry into the PEREZ home, there were no illegal substances or evidence in sight. DEFENDANT OFFICERS demanded MR. PEREZ and MR. GARCIA to remove their shoes. DEFENDANT OFFICERS collected said shoes as well as searched the home for other shoes without consent.

17.     DEFENDANT OFFICERS then placed MR. PEREZ and MR. GARCIA under arrest and took them to the CITY OF WAUKEGAN Police Station located at 420 Robert V. Sabonjian Place, Waukegan, Illinois.

18.     Upon arrival at the CITY OF WAUKEGAN Police Station, DEFENDANT OFFICERS placed MR. PEREZ and MR. GARCIA in separate interrogation rooms.

19. At no time after their arrest and prior to any interrogation at the CITY OF WAUKEGAN Police Station did either DEFENDANT #1 or DEFENDANT #2 attempt to contact the parents of MR. PEREZ and MR. GARCIA despite the PLAINTIFFS' repeated requests.

20. During the interrogation process DEFENDANT OFFICERS attempted to obtain signed Miranda waivers from MR. PEREZ and MR. GARCIA. PLAINTIFFS refused to waive their Miranda rights. Despite this obstacle, DEFENDANT OFFICERS continued to interrogate PLAINTIFFS.

21. During the interrogation of MR. GARCIA, DEFENDANT #1 kicked the chair out from underneath MR. GARCIA. MR. GARCIA received a large bruise on the back of his head when his head slammed into the wall of the interrogation room as he fell from the chair.

22. DEFENDANT #1 threatened MR. GARCIA with bodily harm if he did not confess and then inflicted bodily harm on him when he refused, including striking MR. GARCIA across the face with MR. GARCIA'S own cellular phone. As a result, DEFENDANT #1 fractured MR. GARCIA'S nose and caused blood to pour onto his shirt.

23. During the interrogation of MR. PEREZ, DEFENDANT #1 threatened to incarcerate MR. PEREZ in a room with a known sex offender if he did not confess.

24. Throughout the interrogation process both MR. GARCIA and MR. PEREZ repeatedly asked for their parents to be present but DEFENDANTS made no attempts to call PLAINTIFFS' parents until 3 hours or more of threatened or actual abuse.

25. At approximately 7:00 PM, CITY OF WAUKEGAN police notified MR. GARCIA'S mother that her son was at the CITY OF WAUKEGAN Police Station and that she need to pick him up. DEFENDANTS detained MR. GARCIA for approximately three hours.

26. After interrogating MR. PEREZ for several hours, DEFENDANT OFFICERS took MR. PEREZ to Hulse Detention Center located at 24647 North Milwaukee Avenue, Vernon Hills, Illinois

27. Upon arrival at Hulse Detention Center, DEFENDANT OFFICERS threatened MR. PEREZ that he was going to be placed in a room with a known sex offender.

28. At Hulse Detention Center, MR. PEREZ was strip-searched.

29. Around 2:00 A.M. on November 26, 2013, personnel at Hulse Detention Center notified MR. PEREZ'S mother of their son's location and subsequently released MR. PEREZ.

30. Plaintiffs were neither combative nor dangerous to DEFENDANT OFFICERS.

31. PLAINTIFFS did not commit any criminal violations immediately leading up to November 25, 2013, that would give DEFENDANT OFFICERS probable cause to search and seize PLAINTIFFS and their property.

32. DEFENDANT #2 failed to intervene and, on information and belief, actually encouraged the use of excessive force and unconstitutional police tactics by DEFENDANT #1.

33. Any beating and threats by DEFENDANT #1 were excessive and violated the PLAINTIFFS' rights to be free from unreasonable force under the Fourth Amendment.

34. The actions of DEFENDANT #1 were an unnecessary and excessive use of force.

35. None of the actions of these minor PLAINTIFFS justified this use of unnecessary and excessive force by DEFENDANT OFFICERS.

36.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS and CITY OF WAUKEGAN, PLAINTIFFS were caused to suffer damages.

37.     On or about November 25, 2013, and at all times relevant, DEFENDANT OFFICERS were on duty and were duly appointed police officers for the CITY OF WAUKEGAN. DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of their employment, while on duty. This action is being brought with regard to the official and individual capacity of DEFENDANT OFFICERS.

38.     DEFENDANT OFFICERS were acting under the color of the law of the State of Illinois in their actions and inactions which occurred at all times relevant to this action.

## STATEMENT OF CLAIMS

### COUNT I
**Excessive Force Claim Pursuant to 42 U.S.C. §1983 and the Fourth and/or Fourteenth Amendment to the U.S. Constitution**

1-37.     Plaintiff MR. GARCIA adopts and re-alleges paragraphs 1-37 of this Complaint as paragraphs 1-37 of Count I as though fully set forth herein.

39.     DEFENDANT #1'S actions amounted to an excessive use of force onto the person of MR. GARCIA, when there were no reasonable grounds and/or legal cause to do so.

40.     The conduct of DEFENDANT #1 and the CITY OF WAUKEGAN constituted a deprivation of MR. GARCIA'S constitutionally protected rights, to wit: his Fourth and/or Fourteenth Amendment Rights afforded by the United States Constitution

41.     The aforementioned actions of DEFENDANT #1 and the CITY OF WAUKEGAN were the direct, proximate, and cause in fact of the constitutional violations set forth herein.

42.     The aforementioned actions of DEFENDANT #1 and the CITY OF WAUKEGAN were malicious, willful and/or wanton, and constituted a reckless and/or callous indifference to MR. GARCIA'S constitutionally protected rights.

43.     The above stated actions violated MR. GARCIA'S statutory and/or constitutionally established protected rights that a reasonable person would have known.

44.     As a direct and proximate result of the actions DEFENDANT #1 and the CITY OF WAUKEGAN, Plaintiff MR. GARCIA suffered physical and emotional trauma including, but not limited to, a broken nose, injuries to his head, fear and nightmares.

WHEREFORE, Plaintiff MR. GARCIA demands judgment against said Defendants for compensatory damages, costs, attorney's fees, and any additional relief this Court deems equitable and just. Furthermore, Plaintiff MR. GARCIA demands punitive damages against UNKNOWN DETECTIVE #1.

**COUNT II**
**Excessive Force Claim Pursuant to 42 U.S.C. §1983 and the Fourth and/or**
**Fourteenth Amendment to the U.S. Constitution**

1-44.   Plaintiff MR. PEREZ adopts and re-alleges paragraphs 1-44 of this Complaint as paragraphs 1-44 of Count II as though fully set forth herein.

45.     DEFENDANT #1'S actions amounted to an excessive use of force onto the person of MR. PEREZ, when there were no reasonable grounds and/or legal cause to do so.

46.     The conduct of DEFENDANT #1 and the CITY OF WAUKEGAN constituted a deprivation of MR. PEREZ'S constitutionally protected rights, to wit: his Fourth and/or Fourteenth Amendment Rights afforded by the United States Constitution

47.     The aforementioned actions of DEFENDANT #1 and the CITY OF WAUKEGAN were the direct, proximate, and cause in fact of the constitutional violations set forth herein.

48. The aforementioned actions of DEFENDANT #1 and the CITY OF WAUKEGAN were malicious, willful and/or wanton, and constituted a reckless and/or callous indifference to MR. PEREZ'S constitutionally protected rights.

49. The above stated actions violated MR. PEREZ'S statutory and/or constitutionally established protected rights that a reasonable person would have known.

50. As a direct and proximate result of the actions DEFENDANT #1 and the CITY OF WAUKEGAN, Plaintiff MR. PEREZ suffered emotional trauma including, but not limited to, fear and nightmares.

WHEREFORE, Plaintiff MR. PEREZ demands judgment against said Defendants for compensatory damages, costs, attorney's fees, and any additional relief this Court deems equitable and just. Furthermore, Plaintiff MR. PEREZ demands punitive damages against UNKNOWN DETECTIVE #1.

## COUNT III
### Failure to Protect Against UNKNOWN DETECTIVE #2

1-50. Plaintiff adopts and re-alleges paragraphs 1-50 of Count II as paragraphs 1-50 of Count III as though more fully set forth herein.

51. DEFENDANT #2 and the CITY OF WAUKEGAN had the ability and opportunity to stop UNKNOWN DETECTIVE #1 from using excessive force against Plaintiff MR. GARCIA but failed to do so.

52. Because of these acts and/or omissions, DEFENDANT #2 and the CITY OF WAUKEGAN deprived MR. GARCIA of his rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendment to the Constitution of the United States and laws enacted there under.

53.     The aforementioned actions of DEFENDANT #2 and the CITY OF WAUKEGAN were the direct, proximate, and cause in fact of these constitutional violations.

54.     The aforementioned actions of DEFENDANT #2 and the CITY OF WAUKEGAN were malicious, willful and/or wanton, and constituted a reckless and/or callous indifference to MR. GARCIA'S constitutionally protected rights.

55.     The above stated actions violated MR. GARCIA'S established statutory and/or constitutionally protected rights that a reasonable person would have known.

56.     As a direct and proximate result of the actions of DEFENDANT #2 and the CITY OF WAUKEGAN, MR. GARCIA suffered substantial pain and suffering.

        WHEREFORE, Plaintiff MR. GARCIA demands judgment against said Defendants for compensatory damages, costs, attorney's fees, and any additional relief this Court deems equitable and just. Furthermore, Plaintiff MR. GARCIA demands punitive damages against UNKNOWN DETECTIVE #2.

## COUNT IV
### Failure to Protect Against UNKNOWN DETECTIVE #2

1-56.   Plaintiff adopts and re-alleges paragraphs 1-56 of Count III as paragraphs 1-56 of Count IV as though more fully set forth herein.

57.     DEFENDANT #2 and the CITY OF WAUKEGAN had the ability and opportunity to stop UNKNOWN DETECTIVE #1 from using excessive force against Plaintiff MR. PEREZ but failed to do so.

58.     Because of these acts and/or omissions, DEFENDANT #2 and the CITY OF WAUKEGAN deprived MR. PEREZ of his rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendment to the Constitution of the United States and laws enacted there under.

59.     The aforementioned actions of DEFENDANT #2 and the CITY OF WAUKEGAN were the direct, proximate, and cause in fact of these constitutional violations.

60.     The aforementioned actions of DEFENDANT #2 and the CITY OF WAUKEGAN were malicious, willful and/or wanton, and constituted a reckless and/or callous indifference to MR. PEREZ'S constitutionally protected rights.

61.     The above stated actions violated MR. PEREZ'S established statutory and/or constitutionally protected rights that a reasonable person would have known.

62.     As a direct and proximate result of the actions of DEFENDANT #2 and the CITY OF WAUKEGAN, MR. PEREZ suffered substantial pain and suffering.

WHEREFORE, Plaintiff MR. PEREZ demands judgment against said Defendants for compensatory damages, costs, attorney's fees, and any additional relief this Court deems equitable and just. Furthermore, Plaintiff MR. PEREZ demands punitive damages against UNKNOWN DETECTIVE #2.

## COUNT V
### UNKNOWN DETECTIVE #1 and UNKNOWN DETECTIVE #2 Conspired to Cause Harm to Plaintiff MR. GARCIA

1-62.   Plaintiff MR. GARCIA adopts and re-alleges paragraphs 1-62 of Counts I through IV as paragraphs 1-62 of Count V as though fully set forth herein.

63.     On information and belief, UNKNOWN DETECTIVE #1 would beat and or threaten Plaintiff MR. GARCIA while UNKNOWN DETECTIVE #2 would be courteous during separate interrogations.

64.     On information and belief, DEFENDANTS #1 and #2 conspired outside of the interrogation room that DEFENDANT #1 would physically and/or mentally abuse Plaintiff MR. PEREZ.

65.     On information and belief, DEFENDANT #2 knew of DEFENDANT #1 propensity to physically and/or mentally abuse interrogation subjects.

66.     Through this collaboration, DEFENDANTS #1 and #2 conspired that through the actions of DEFENDANT #1, DEFENDANTS #1 and #2 would physically and/or mentally abuse the PLAINTIFFS.

67.     Because of this conspiracy, DEFENDANTS #1 and #2 deprived Plaintiff MR. GARCIA of their rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendment to the Constitution of the United States and laws enacted there under.

68.     Because of this conspiracy, DEFENDANTS #1 and #2 intended to cause an unpermitted contact of a harmful and/or offensive nature to which MR. GARCIA did not consent, and thus constitute assault and battery under Illinois law.

69.     The aforementioned actions of DEFENDANTS #1 and #2 were the direct, proximate, and cause in fact of these constitutional, physical, and emotional violations.

70.     The aforementioned actions of DEFENDANTS #1 and #2 were malicious, willful and/or wanton, and constituted a reckless and/or callous indifference to Plaintiff MR. GARCIA'S constitutionally and statutorily protected rights.

71.     The above stated actions violated Plaintiff MR. GARCIA'S established statutory and/or constitutionally protected rights that a reasonable person would have known.

72.     As a direct and proximate result of the actions of DEFENDANTS #1 and #2, Plaintiff MR. GARCIA suffered substantial pain and suffering.

WHEREFORE, Plaintiff MR. GARCIA demands judgment against said Defendants for compensatory damages, costs, attorney's fees, and any additional relief this Court deems equitable and just. Furthermore, Plaintiff MR. GARCIA demands punitive damages against UNKNOWN DETECTIVE #1 and UNKNOWN DETECTIVE #2.

## COUNT VI
### UNKNOWN DETECTIVE #1 and UNKNOWN DETECTIVE #2 Conspired to Cause Harm to Plaintiff MR. PEREZ

1-72. Plaintiff MR. PEREZ adopts and re-alleges paragraphs 1-72 of Counts I through V as paragraphs 1-72 of Count VI as though fully set forth herein.

73. On information and belief, UNKNOWN DETECTIVE #1 would beat and or threaten Plaintiff MR. PEREZ while UNKNOWN DETECTIVE #2 would be courteous during separate interrogations.

74. On information and belief, DEFENDANTS #1 and #2 conspired outside of the interrogation room that DEFENDANT #1 would physically and/or mentally abuse Plaintiff MR. PEREZ.

75. On information and belief, DEFENDANT #2 knew of DEFENDANTS #1 propensity to physically and/or mentally abuse interrogation subjects.

76. Through this collaboration, DEFENDANTS #1 and #2 conspired that through the actions of DEFENDANT #1, DEFENDANTS #1 and #2 would physically and/or mentally abuse Plaintiff MR. PEREZ.

77. Because of this conspiracy, DEFENDANTS #1 and #2 deprived Plaintiff MR. PEREZ of his rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendment to the Constitution of the United States and laws enacted there under.

78.     Because of this conspiracy, DEFENDANTS #1 and #2knew with a high probability

that threatening MR. PEREZ with placing him a confined space with known sex offender

would cause severe emotional distress.

79.     The aforementioned actions of DEFENDANTS #1 and #2 were the direct, proximate,

and cause in fact of these emotional violations.

80.     The aforementioned actions of DEFENDANTS #1 and #2 were malicious, willful

and/or wanton, and constituted a reckless and/or callous indifference to Plaintiff MR.

PEREZ'S constitutionally and statutorily protected rights.

81.     The above stated actions violated Plaintiff MR. PEREZ'S established statutory

and/or constitutionally protected rights that a reasonable person would have known.

82.     As a direct and proximate result of the actions of DEFENDANTS #1 and #2,

Plaintiff MR. PEREZ suffered substantial pain and suffering.

        WHEREFORE, Plaintiff MR. PEREZ demands judgment against said Defendants

for compensatory damages, costs, attorney's fees, and any additional relief this Court

deems equitable and just. Furthermore, Plaintiff MR. PEREZ demands punitive damages

against UNKNOWN DETECTIVE #1 and UNKNOWN DETECTIVE #2.

## COUNT VII
### Unlawful Search and Seizure Pursuant to 42 U.S.C. §1983 and the Fourth and/or Fourteenth Amendment to the U.S. Constitution

1-82.   Plaintiff MR. GARCIA adopts and re-alleges paragraphs 1-82 of Counts I through

VI as paragraphs 1-82 of Count VII as though fully set forth herein.

83.     Defendants UNKNOWN DETECTIVE #1, UNKNOWN DETECTIVE #2, and the CITY OF

WAUKEGAN unlawfully detained Plaintiff MR. GARCIA without a warrant and without

probable cause.

84.    DEFENDANTS' actions terminated the freedom of movement OF MR. GARCIA by an intentional application of physical force.

85.    No set of objective facts could reasonably have lead DEFENDANT OFFICERS to conclude that there was full probable cause to authorize the arrest, transportation to, and investigative detention at the station house of MR. GARCIA.

86.    At all relevant times herein, there was no emergency or exigent circumstances to prompt DEFENDANT OFFICERS to act without a warrant.

87.    At the time of the arrest of MR. GARCIA, he was safely in the confines of the PEREZ residence.

88.    Due to these acts and/or omissions, DEFENDANT OFFICERS and the CITY OF WAUKEGAN deprived Plaintiff MR. GARCIA of his rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendment to the Constitution of the United States and laws enacted there under.

89.    The aforementioned actions of DEFENDANT OFFICERS and the CITY OF WAUKEGAN were the direct, proximate, and cause in fact of these constitutional violations.

90.    That the aforementioned actions of DEFENDANT OFFICERS and the CITY OF WAUKEGAN were malicious, willful and/or wanton, and constituted a reckless and/or callous indifference to Plaintiff MR. GARCIA'S constitutionally protected rights.

91.    That the above stated actions violated Plaintiff MR. GARCIA'S established statutory and/or constitutionally protected rights that a reasonable person would have known.

92.     As a direct and proximate result of the actions of DEFENDANT OFFICERS and the

CITY OF WAUKEGAN, Plaintiff MR. GARCIA suffered substantial pain and suffering.

WHEREFORE, Plaintiff MR. GARCIA demands judgment against said Defendants

for compensatory damages, costs, attorney's fees, and any additional relief this Court

deems equitable and just. Furthermore, Plaintiff MR. GARCIA demands punitive damages

against UNKNOWN DETECTIVE #1 and UNKNOWN DEFENDANT #2.

## COUNT VIII
### Unlawful Search and Seizure Pursuant to 42 U.S.C. §1983 and the Fourth and/or Fourteenth Amendment to the U.S. Constitution

1-92.   Plaintiff MR. PEREZ adopts and re-alleges paragraphs 1-92 of Counts I through

VII as paragraphs 1-92 of Count VIII as though fully set forth herein.

93.     Defendants UNKNOWN DETECTIVE #1, UNKNOWN DETECTIVE #2, and the CITY OF

WAUKEGAN unlawfully detained Plaintiff MR. PEREZ without a warrant and without

probable cause.

94.     DEFENDANTS' actions terminated the freedom of movement OF MR. PEREZ by an

intentional application of physical force.

95.     No set of objective facts could reasonably have lead DEFENDANT OFFICERS to

conclude that there was full probable cause to authorize the arrest, transportation to, and

investigative detention at the station house of MR. PEREZ.

96.     At all relevant times herein, there was no emergency or exigent circumstances to

prompt DEFENDANT OFFICERS to act without a warrant.

97.     At the time of the arrest of MR. PEREZ was safely in the confines of his own

home.

98.     Due to these acts and/or omissions, DEFENDANT OFFICERS and the CITY OF

WAUKEGAN deprived Plaintiff MR. PEREZ of his rights, privileges, and immunities

secured to them by the Fourth and Fourteenth Amendment to the Constitution of the

United States and laws enacted there under.

99.     The aforementioned actions of DEFENDANT OFFICERS and the CITY OF

WAUKEGAN were the direct, proximate, and cause in fact of these constitutional

violations.

100.    That the aforementioned actions of DEFENDANT OFFICERS and the CITY OF

WAUKEGAN were malicious, willful and/or wanton, and constituted a reckless and/or

callous indifference to Plaintiff MR. PEREZ'S constitutionally protected rights.

101.    That the above stated actions violated Plaintiff MR. PEREZ'S established statutory

and/or constitutionally protected rights that a reasonable person would have known.

102.    As a direct and proximate result of the actions of DEFENDANT OFFICERS and the

CITY OF WAUKEGAN, Plaintiff MR. PEREZ suffered substantial pain and suffering.

        WHEREFORE, Plaintiff MR. PEREZ demands judgment against said Defendants

for compensatory damages, costs, attorney's fees, and any additional relief this Court

deems equitable and just. Furthermore, Plaintiff MR. PEREZ demands punitive damages

against UNKNOWN DETECTIVE #1 and UNKNOWN DEFENDANT #2.

## COUNT IX
### Assault and Battery – State Law Claim Against Defendants CITY OF WAUKEGAN and UNKNOWN OFFICER #1

1-102.  Plaintiff MR. GARCIA adopts and re-alleges paragraphs 1-102 of Counts I through

VIII as paragraphs 1-102 of Count IX as though fully set forth herein.

103.     The acts of UNKNOWN OFFICER #1, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which MR. GARCIA did not consent, and thus constitute assault and battery under Illinois law. Further, said acts directly and proximately caused damage to MR. GARCIA.

        WHEREFORE, Plaintiff MR. GARCIA demands judgment against said Defendants CITY OF WAUKEGAN and UNKNOWN OFFICER #1 for compensatory damages, costs, attorney's fees, and any additional relief this Court deems equitable and just. Furthermore, Plaintiff MR. GARCIA demands punitive damages against UNKNOWN OFFICER #1.

## COUNT X
### Intentional Infliction of Emotional Distress – State Law Claim Against Defendants CITY OF WAUKEGAN and UNKNOWN OFFICER #1

1-103.  Plaintiff MR. GARCIA adopts and re-alleges paragraphs 1-103 of Counts IX through V as paragraphs 1-103 of Count X as though fully set forth herein.

104.     UNKNOWN OFFICER #1'S conduct was extreme and outrageous when he made abusive, demeaning, and threatening remarks to MR. GARCIA, a minor, when he repeatedly threatened to abuse Plaintiff MR. GARCIA after UNKNOWN OFFICER #1 had acted on previous violent threats.

105.     UNKNOWN OFFICER #1 knew with a high probability that repeatedly threatening MR. GARCIA, and then carrying out previous threats, would cause severe emotional distress.

106.     The conduct of UNKNOWN OFFICER #1 in fact caused MR. GARCIA to suffer severe emotional and psychological injuries.

WHEREFORE, Plaintiff MR. GARCIA demands judgment against said Defendants for compensatory damages, costs, attorney's fees, and any additional relief this Court deems equitable and just. Furthermore, Plaintiff MR. GARCIA demands punitive damages against UNKNOWN OFFICER #1.

### COUNT XI
### Intentional Infliction of Emotional Distress – State Law Claim Against Defendants CITY OF WAUKEGAN and UNKNOWN OFFICER #1

1-106.  Plaintiff MR. PEREZ adopts and re-alleges paragraphs 1-106 of Counts I through X as paragraphs 1-106 of Count XI as though fully set forth herein.

107.    UNKNOWN OFFICER #1'S conduct was extreme and outrageous when he made abusive, demeaning, derogatory, and threatening remarks towards MR. PEREZ, a minor, when he threatened to put him a room alone with a known sex offender.

108.    UNKNOWN OFFICER #1 knew with a high probability that threatening MR. PEREZ with placing him a confined space with known sex offender would cause severe emotional distress.

109.    The conduct of UNKNOWN OFFICER #1 in fact caused MR. PEREZ to suffer severe emotional and psychological injuries.

WHEREFORE, Plaintiff MR. PEREZ demands judgment against said Defendants for compensatory damages, costs, attorney's fees, and any additional relief this Court deems equitable and just. Furthermore, Plaintiff MR. PEREZ demands punitive damages against UNKNOWN OFFICER #1.

## COUNT XII
### Negligence – State Law Claim Against Defendants CITY OF WAUKEGAN and DEFENDANT OFFICERS

1-109. Plaintiff MR. GARCIA adopts and re-alleges paragraphs 1-109 of Counts I through XI as paragraphs 1-109 of Count XII as though fully set forth herein.

110. DEFENDANT OFFICERS had a duty to exercise reasonable care during their interactions with MR. GARCIA including, but not limited to, protection from unreasonable and excessive force, unlawful arrest, infliction of emotional distress, and bodily injury.

111. DEFENDANT OFFICERS breached this duty when Plaintiff MR. GARCIA suffered a fractured nose and severe emotional distress.

112. The CITY OF WAUKEGAN had a duty to exercise reasonable care when hiring, monitoring, and supervising police officers.

113. The CITY OF WAUKEGAN engaged in one or more of the following negligent activities:

  a.) Failed to contact a Juvenile Detention Officer;
  b.) Failed to contact to MR. GARCIA'S parents;
  c.) Failed to institute policies and procedures for the detention of minors to prevent unnecessary force and/or threats; and
  d.) Failed to fire, demote, re-train, and/or supervise the actions of UNKOWN OFFICER #1 and UNKNOWN OFFICER #2 when they, or should have known, of their propensity for threatened or actual violence.

WHEREFORE, Plaintiff MR. GARCIA demands judgment against said Defendants for compensatory damages, costs, attorney's fees, and any additional relief this Court deems equitable and just. Furthermore, Plaintiff MR. GARCIA demands punitive damages against DEFENDANT OFFICERS.

## COUNT XIII
### Negligence – State Law Claim Against Defendants CITY OF WAUKEGAN and DEFENDANT OFFICERS

1-113. Plaintiff MR. PEREZ adopts and re-alleges paragraphs 1-113 of Counts I through XII as paragraphs 1-113 of Count XIII as though fully set forth herein.

114. DEFENDANT OFFICERS had a duty to exercise reasonable care during their interactions with MR. PEREZ including, but not limited to, protection from unreasonable and excessive force, unlawful arrest, infliction of emotional distress, and bodily injury.

115. DEFENDANT OFFICERS breached this duty when Plaintiff MR. PEREZ suffered an immediate and instinctive emotional response that was severe, extreme, and long lasting.

116. The CITY OF WAUKEGAN had a duty to exercise reasonable care when hiring, monitoring, and supervising police officers.

117. The CITY OF WAUKEGAN engaged in one or more of the following negligent activities:

   a. Failed to contact a Juvenile Detention Officer;
   b. Failed to contact to MR. GARCIA'S parents;
   c. Failed to institute policies and procedures for the detention of minors to prevent unnecessary force and/or threats; and
   d. Failed to fire, demote, re-train, and/or supervise the actions of UNKOWN OFFICER #1 and UNKNOWN OFFICER #2 when they, or should have known, of their propensity for threatened or actual violence.

WHEREFORE, Plaintiff MR. PEREZ demands judgment against said Defendants for compensatory damages, costs, attorney's fees, and any additional relief this Court deems equitable and just. Furthermore, Plaintiff MR. PEREZ demands punitive damages against DEFENDANT OFFICERS.

## COUNT XIV
**Violation of 42 U.S.C. §1983 – *Monell* Claim Against Defendant CITY OF WAUKEGAN**

1-117. Plaintiff MR. GARCIA adopts and re-alleges paragraphs 1-117 of Counts I through XIII as paragraphs 1-117 of Count XIV as though fully set forth herein.

118.　　Defendant CITY'S policymakers, Mayor Wayne Motley and Chief of Police Wayne Walles, acceptance of the pattern and practice among CITY police officers using excessive force and unconstitutional police tactics created a practice, although not written or express municipal policy, so widespread, permanent, and settled it constituted a custom or usage within the Waukegan Police Department.

119.　　As final policymakers, Mayor Wayne Motley and Chief of Police Wayne Walles by creating this custom or usage of using excessive force during the arrest and/or detention of accused individuals amounted to a policy decision.

120.　　This policy decision of Defendant CITY'S policymakers Mayor Wayne Motley and Chief of Police Wayne Walles caused the violation of Plaintiff MR. GARICA'S civil rights.

　　　　WHEREFORE, Plaintiff MR. GARCIA demands judgment against the CITY OF WAUKEGAN for compensatory damages, costs, attorney's fees, and any additional relief this Court deems equitable and just.

## COUNT XV
**Violation of 42 U.S.C. §1983 – *Monell* Claim Against Defendant CITY OF WAUKEGAN**

1-120. Plaintiff MR. GARCIA adopts and re-alleges paragraphs 1-120 of Counts I through XIV as paragraphs 1-120 of Count XV as though fully set forth herein.

121.     Defendant CITY'S policymakers, Mayor Wayne Motley and Chief of Police

Wayne Walles, acceptance of the pattern and practice among CITY police officers using

excessive force and unconstitutional police tactics created a practice, although not written

or express municipal policy, so widespread, permanent, and settled it constituted a

custom or usage within the Waukegan Police Department.

122.     As final policymakers, Mayor Wayne Motley and Chief of Police Wayne Walles

by creating this custom or usage of using excessive force during the arrest and/or

detention of accused individuals amounted to a policy decision.

123.     This policy decision of Defendant CITY'S Mayor Wayne Motley and Chief of

Police Wayne Walles caused the violation of Plaintiff MR. PEREZ'S civil rights.

WHEREFORE, Plaintiff MR. PEREZ demands judgment against the CITY OF

WAUKEGAN for compensatory damages, costs, attorney's fees, and any additional relief

this Court deems equitable and just.

## COUNT XVI
### 745 ILCS 10/9-102 Indemnification Claim Against the CITY OF WAUKEGAN

1-123    Plaintiff MR. GARCIA adopts and re-alleges paragraphs 1-123 of Counts I through

XV as paragraphs 1-123 of Count XVI as though fully set forth herein.

124.     In the event that any individual Defendant is found liable for their actions and/or

inactions performed in the course of their employment, the CITY OF WAUKEGAN, Illinois

must indemnify such employee for this verdict pursuant to 745 ILCS 10/2-302.

WHEREFORE, Plaintiff MR. GARCIA demands that the CITY OF WAUKEGAN,

Illinois, pay any compensatory judgment against individual Defendants who acted in the

course of their employment.

## COUNT XVII
### 745 ILCS 10/9-102 Indemnification Claim Against the CITY OF WAUKEGAN

1-124   Plaintiff MR. PEREZ adopts and re-alleges paragraphs 1-124 of Counts I through XVI as paragraphs 1-124 of Count XVII as though fully set forth herein.

125.   In the event that any individual Defendant is found liable for their actions and/or inactions performed in the course of their employment, the CITY OF WAUKEGAN, Illinois must indemnify such employee for this verdict pursuant to 745 ILCS 10/2-302.

WHEREFORE, Plaintiff MR. PEREZ demands that the CITY OF WAUKEGAN, Illinois, pay any compensatory judgment against individual Defendants who acted in the course of their employment.


### JURY DEMAND

PLAINTIFF demands trial by jury.


Respectfully Submitted,

Dated: 12/16/2013

/s/ Kevin O'Connor
Attorney for Plaintiff


Kevin O'Connor
O'CONNOR LAW FIRM, LTD.
19 South LaSalle Street
Suite 1400
Chicago, Illinois 60603
312-229-1560
ARDC#6216627
koconnor@koconnorlaw.com