IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ELIZABETH GARCIA, as Mother and natural guardian of JONATHAN GARCIA, a minor; and ALICIA PEREZ, as Mother and natural guardian of GIORGIO PEREZ, a minor,<br><br>    Plaintiffs,<br><br>    v.<br><br>DETECTIVE JAROSLAW GRZEDA,<br> City of Waukegan Police Detective, In his Individual and Official Capacity;<br><br>DETECTIVE ANDREW VALKO,<br> City of Waukegan Police Detective, In his Individual and Official Capacity;<br><br>SERGEANT SCOTT THOMAS,<br> City of Waukegan Police Sergeant, In his Individual and Official Capacity;<br><br>OFFICER JOSEPH BAYSINGER,<br> City of Waukegan Police Officer, In his Individual and Official Capacity;<br><br>SERGEANT WILLIAM WALKER,<br> City of Waukegan Police Sergeant, In his Individual and Official Capacity;<br><br>OFFICER MIKE LEUSCH,<br> City of Waukegan Police Officer, In his Individual and Official Capacity;<br><br>CITY OF WAUKEGAN,<br> An Illinois Municipal Corporation,<br><br>    Defendants. | Case No: 1:13-cv-08955<br>Honorable John F. Grady |

## **WAUKEGAN DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS**



Pursuant to Federal Rules of Civil Procedure 34, Defendants City of Waukegan, Grzeda, Valko, Thomas, Baysinger, Walker, and Leusch (collectively "Waukegan Defendants") through their attorneys, Trobe, Babowce & Associates, LLC, request that Plaintiffs respond to the following Requests for Production within 30 days after service. Plaintiffs are further required, under Federal Rule of Civil Procedure 26(e) to seasonably update their responses as additional information becomes known.

**DEFINITIONS**

1. "You" or "your" refers to Jonathan Garcia and/or Giorgio Perez and Elizabeth Garcia and Alicia Perez, acting as their mothers and legal guardians.

2. Plaintiffs' "attorney" or "counsel" or "your counsel" means or refers to any individual who represents Jonathan Garcia and/or Giorgio Perez in a legal capacity, including the individual's employees, partners, associates, and staff members.

3. "Documents" as used herein are defined as documents, records, books, papers, logs, contracts, memorandum, invoices, letters, electronic mail, correspondence, notes, photographs, drawings, charts, graphs, other writings, recording tapes and discs (audio, video, and/or digital), electronic storage (including any information stored on a computer), and any other "documents" as defined by Federal Rule of Civil Procedure 34. If a document has been prepared in several copies, or additional copies have been made that are not identical (are no longer identical by reason of subsequent notation or other modification of any kind), each nonidentical copy is to be considered a separate document.

4. "Identify," "identification," or "identity" have the following meanings:

(a) When used in reference to a natural person, it means to state the person's full name, current residence and business address and telephone numbers and, if

applicable, their title, dates of employment, and job description. If their current addresses are unknown, provide the last known business or residential address;

(b) When used in reference to a document, it means to state the type of document (*e.g.*, letter, memorandum, chart, etc), its author or originator, its date(s), all addresses, all recipients, and its present location or custodian. If any such document was but is no longer in your possession or subject to your control, state what disposition was made of it.

5. "Communication(s)" means or refers to all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, electronic mail, or other forms of communication, whether oral or written.

6. "Relate to," including its various forms such as "relating to," and "relates to," means: consist of, refer to, reflect, or be in any way logically or factually connected with the matter discussed.

7. "Plaintiffs' investigation, prosecution, adjudication and/or detention" or any combination of that group means or refers to the investigation, prosecution, adjudication and/or detention of the Plaintiffs for the property damage and residential burglary at the Blanchard Road home in Waukegan, IL.

8. Whenever appropriate, the singular form of a word should be interpreted as plural. "And" as well as "or" shall be construed with disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

9. Unless otherwise indicated, the period of time encompassed by this Request shall be from the five years preceding the date of arrest to the date of production.

10. "Person" or "individual" means or refers to any human being, and includes corporations, partnerships, associations, organizations, and any other entity.

11. "Plaintiffs' Complaint" or "your Complaint" means or refers to any and all versions of Plaintiffs' complaint filed in this matter, including any amended or corrected complaints.

**INSTRUCTIONS**

1. If Plaintiffs deem any communication or document requested herein to be privileged, Plaintiffs shall: (a) identify such communication or document in the manner requested; (b) identify each person who participated in or was a party to such communication or has seen or had in their possession such document or to whom the contents thereof have been disclosed, the date(s) of such occurrence(s) and the relationship between Plaintiffs and each such person; and (c) indicate the claim of privilege and briefly state the grounds upon which the claim of privilege rests.

2. If Plaintiffs or their counsel had, at any time, possession of a document requested and such document has been lost, destroyed, or is not presently in the possession or control of Plaintiffs or their counsel, Plaintiffs shall identify the document as describe the date(s) of an circumstances surrounding its loss, destruction, or separation from the possession of the Plaintiffs or their counsel.

3. The Plaintiffs are requested to furnish as Affidavit stating that production is complete in accordance with these Requests for Production.

**REQUESTS FOR PRODUCTION**

1. Where Plaintiffs have given a statement regarding the allegations contained in Plaintiffs' Complaint to some person or entity other than solely to his attorney, any Document

containing said statement shall be produced. This request includes, but is not limited to, statements to investigators, newspapers, magazines, and television news media.

2. Where Plaintiffs have written or transcribed a summary of events regarding any incident(s) described in Plaintiffs' Complaint, including, but not limited to, Plaintiffs' investigation and arrest. This request includes, but is not limited to, notes, diaries, journals, and calendars.

3. Any diaries, diary entries, log books, notes, letters, or other writings (written, electronic or otherwise) of any type that make reference to theories, the underlying juvenile proceedings, and/or your thoughts or feelings about your arrest, prosecutions, adjudication and/or detention.

4. All documents containing statements or writings of any person relating to any matter referred to in Plaintiffs' Complaint.

5. All documents comprising communications of any kind by any person relating to any matter referred to in Plaintiffs' Complaint.

6. All photographs, slides, motion pictures, or videotapes regarding any of the occurrences alleged in Plaintiffs' Complaint.

7. A list of the given names, addresses and specialties of all expert witnesses (other than non-treating, purely consultant experts who are not to testify at trial).

8. Copies of reports from all experts listed in paragraph 7, the curriculum vitae of each such witness, all correspondence to or from Plaintiff or his attorney to ach such expert and any documents relied upon by each such witness.

9. All documents, including medical reports, psychiatric reports, hospital records, letters or correspondence from or to all physicians, surgeons, hospitals, clinics, or other medical

or psychiatric personnel, or medical institutions concerning the health, physical and mental condition of Plaintiffs from ten years prior to any of the occurrences alleged in Plaintiffs' Complaint to the present.

10. All documents relating to the injuries sustained by Plaintiffs as a result of the Defendants' actions as described in Plaintiffs' Complaint.

11. All bills, receipts, invoices, or other types of payment for any expense claimed to have been incurred by you as a result of the arrest and prosecution, including, but not limited to, doctor's bills, medical bills, and prescription receipts, and including, but not limited to, the medical records referred to in your Federal Rules of Civil Procedure 26(a)(1) disclosures.

12. Copies of all police reports, investigative reports, supplementary reports, or other such reports relating to the investigation, arrest, and prosecution of Plaintiffs created <u>at any time</u>.

13. Copies of all investigative files, reports, communications, and other documents prepared by any private investigator working on your behalf that relate to your investigation, arrest, prosecution, adjudication and/or detention.

14. Copies of all pleadings or other papers filed in the underlying juvenile delinquency case.

15. Copies of all exhibits introduced by either party in the underlying juvenile delinquency case.

16. All documents relating to or establishing your whereabouts on instant date of Plaintiffs' arrest.

17. All documents relating to Plaintiffs' detention including, but not limited to, any prison records.

18. Any documents you may use to impeach any of Defendants' witnesses.

Case: 1:13-cv-08955 Document #: 51-1 Filed: 10/13/15 Page 7 of 8 PageID #:199

19. Any documents that support any of Plaintiffs' Answers to the Waukegan Defendants' Interrogatories to Plaintiffs.

20. All documents, other than those produced in response to the foregoing requests, and any and all documents referred to in your Federal Rules of Civil Procedure 26(a) (1) disclosures including but not limited to those documents that you contend support any of your claims against any Defendant in this case.

RESPECTFULLY SUBMITTED,

City of Waukegan, et al.

BY: _____
One of its attorneys

Peter M. Trobe (Atty. No. 2857863)
Michael D. Furlong (Atty. No. 6289523)
TROBE, BABOWICE & ASSOCIATES, LLC
404 West Water Street
Waukegan, Illinois 60085
Tel: (847) 625-8700
Fax: (847) 625-8708
ptrobe@tbalaws.com
mfurlong@tbalaws.com

## CERTIFICATE OF SERVICE

  I, Michael D. Furlong, an attorney, hereby certify that on September 10, 2014, I emailed and mailed the **WAUKEGAN DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS** JONATHAN GARCIA, BY AND THROUGH HIS MOTHER AND NATURAL GUARDIAN, ELIZABETH GARCIA, and to GIORGIO PEREZ, BY AND THROUGH HIS MOTHER AND NATURAL GUARDIAN, ALICIA PERZ, and to counsel for the parties of record, at the mailing and email address listed in the SERVICE LIST below.

SERVICE LIST
Mr. Kevin W. O'Connor
O'Connor Law Firm, Ltd.
19 S. LaSalle St., Suite 1400
Chicago, IL 60603
koconnor@co-injurylaw.com